UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, § § § | | |
| Plaintiff, § § | | |
| v. § § | CIVIL ACTION NO. | |
| ERNEST HEALTH, INC., LAREDO SPECIALTY HOSPITAL, LP, LAREDO SPECIALTY HOSPITAL MANAGEMENT, LLC, MARIO RODRIGUEZ, AND JESUS RUIZ, § § § § § § § | _____ | |
| Defendants. § | | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Homeland Insurance Company of New York ("Homeland"), files this lawsuit pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment against Ernest Health, Inc., Laredo Specialty Hospital, LP, Laredo Specialty Hospital Management, LLC, Mario Rodriguez, and Jesus Ruiz, and would respectfully show the Court as follows:

**I.
NATURE OF ACTION**

1. This lawsuit involves rights and obligations of the parties under a Health Care Organizations and Providers Professional Liability, General Liability, and Employee Benefit Liability Policy issued by Homeland, Policy No. MPP-6895-16 (the "Policy"),[1] to certain insureds, including Defendants Ernest Health, Inc., Laredo Specialty Hospital, LP, and Laredo Specialty Hospital Management, LLC, and, on information and belief, Defendants Mario

---

[1] A true and correct copy of the Policy is attached as Exhibit 1.

**COMPLAINT FOR DECLARATORY JUDGMENT**   **PAGE 1**

Rodriguez and Jesus Ruiz (collectively referred to herein as the "Insureds"). The Insureds contend that they are entitled to a defense and indemnity under the Policy as a result of certain litigation filed against them. Specifically, the Insureds have requested a defense and indemnification relating to a lawsuit styled *Eduardo Miranda, M.D., et al. v. Laredo Specialty Hospital, L.P.*, et al., Cause No. 2016-CVQ-001536-D1, pending in the 49th Judicial District Court, Webb County, Texas (the "Underlying Lawsuit"). Homeland has issued a Reservation of Rights in connection with the Insureds' demand for coverage, initially agreeing to pay a portion of their reasonable Defense Expenses under a full reservation of rights, subject to further investigation. Homeland now requests that this Court declare that Homeland has no duty to defend the Insureds or to pay or reimburse their reasonable Defense Expenses under the Policy, in connection with the Underlying Lawsuit.

## II.
## PARTIES

2. Homeland is a corporation incorporated in the State of New York, with its principal place of business in the State of Minnesota. It is thus a citizen of New York and Minnesota.

3. Defendant Ernest Health, Inc., is a corporation incorporated in the State of Delaware, with its principal place of business in the State of New Mexico. It is thus a citizen of Delaware and New Mexico, and it is not a citizen of either New York or Minnesota.

4. Defendant Laredo Specialty Hospital, LP, is a Delaware Limited Partnership. Its sole general partner is Laredo Specialty Hospital Management, LLC, a Delaware limited liability company with a sole member that is a corporation incorporated in the State of Delaware, with its principal place of business in the State of New Mexico. It is thus a citizen of Delaware and New Mexico, and it is not a citizen of either New York or Minnesota.

5. Defendant Laredo Specialty Hospital Management, LLC, is a Delaware Limited Liability Company. Its sole member is Ernest Health, Inc., a corporation incorporated in the State of Delaware, with its principal place of business in the State of New Mexico. It is thus a citizen of Delaware and New Mexico, and it is not a citizen of either New York or Minnesota.

6. Defendant Mario Rodriguez is an individual residing in Texas. He is a citizen of the State of Texas, and is not a citizen of either New York or Minnesota.

7. Defendant Jesus Ruiz is an individual residing in Texas. He is a citizen of the State of Texas, and is not a citizen of either New York or Minnesota.

## III.
## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as noted in paragraph 10 below. An actual and justiciable controversy exists between the Plaintiff and the Defendants.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). The Defendants are residents of this judicial district. Defendants are all subject to personal jurisdiction in this judicial district. A substantial part of the events giving rise to this dispute occurred in this judicial district.

## IV.
## BACKGROUND FACTS

**A.   The Underlying Lawsuit**

10. On or about May 31, 2016, Eduardo Miranda, M.D. and Oncology & Hematology of South Texas, P.A. (referred to herein as the "Miranda Plaintiffs") filed the Underlying Lawsuit against Ernest Health, Inc., Laredo Specialty Hospital, LP, and Laredo Specialty Hospital Management, LLC, all Named Insureds under the Policy. In the Underlying Lawsuit,

the Miranda Plaintiffs alleged that those three named defendants, all Insureds, in concerted action with one another and other identified entities, defamed and disparaged the Miranda Plaintiffs and interfered with their relationships with patients, based upon certain false and defamatory statements known to be false by the Insureds, all with the specific intent to weaken or eliminate competition from the Miranda Plaintiffs. The Miranda Plaintiffs allege that they "seek monetary relief of over $1,000,000." First Amended Petition, at ¶15.

11. On July 29, 2016, the Miranda Plaintiffs amended their suit by filing their First Amended Petition, which continued to identify the original defendants as parties, and which added Mario Rodriguez and Jesus Ruiz, who, upon information and belief, are also Insureds under the Policy, as defendants, and named several additional parties as defendants, who are not Insureds. In the First Amended Petition, the Miranda Plaintiffs continued to assert the same causes of action against the Insureds, and they added additional details and factual allegations regarding the concerted actions of all the named defendants. The Miranda Plaintiffs continued to allege that all actions by the defendants were committed intentionally and with malice.

12. As a part of the First Amended Petition in the Underlying Lawsuit, the Miranda Plaintiffs allege that the defendants spread false information about Dr. Miranda, used the false information to terminate his hospital privileges, reported false information to databases that collect information on medical privileges, and continued to spread false and defamatory information about the Miranda Plaintiffs. Moreover, the Miranda Plaintiffs allege that the false statements were made by the defendants "knowing that they were false and were made with malice." First Amended Petition, at ¶50.

13. As a part of the First Amended Petition, the Miranda Plaintiffs allege that the Insureds, along with other parties named as defendants, "conspired with one another to undertake

the wrongful actions" and that each defendant "had knowledge of, agreed to and intended the common objective of stifling and interfering with Plaintiffs' business and defaming and disparaging Plaintiffs." First Amended Petition, at ¶54.

14. Based upon the assertion that the defendants made false statements, knowing that they were false and with actual malice, Plaintiffs asserted five separate causes of action against the Insureds and the other defendants in the Underlying Lawsuit: violation of the Texas Free Enterprise and Antitrust Act of 1983, tortious interference with prospective business relations, defamation, business disparagement, and civil conspiracy.

15. Plaintiffs' causes of action currently remain pending, and the Underlying Lawsuit is set for trial in February 2018 in Webb County, Texas.

B. **Insureds' Claim Under the Policy**

16. Homeland issued the Policy to Named Insureds Ernest Health Holdings, Inc., Laredo Specialty Hospital, LP, and Laredo Specialty Hospital Management, LLC. On information and belief, the individual defendants Mario Rodriguez and Jesus Ruiz are also Insureds. The Policy has limits of insurance for General Liability of $1 million for each Claim, subject to a General Aggregate Limit of $3 million for all Claims. The Policy was in place for the period of January 30, 2016, to January 30, 2017, and it replaced an earlier Policy with the same coverage which was in place for the period of January 30, 2015, to January 30, 2016.

17. The Insureds are seeking coverage under the Policy in connection with the Underlying Lawsuit.

18. By letter dated September 9, 2016, Homeland issued a full Reservation of Rights in connection with the Underlying Lawsuit, and it detailed in the Reservation of Rights a number of exclusions and provisions which would potentially wholly bar coverage for the matters asserted against the Insureds in the Underlying Lawsuit.

## V.
## CONTROVERSY AND RIPENESS

19. As set forth above, Homeland initially agreed to pay a portion of the Insureds' reasonable Defense Expenses, subject to a full reservation of rights under the Policy. Homeland has set forth numerous exclusions and Policy provisions which potentially preclude coverage for the Underlying Lawsuit, and which establish that there would be no duty to defend the Insureds and no duty to pay or reimburse their reasonable Defense Expenses. The Insureds believe that coverage is afforded, and continue to assert that they expect a defense and indemnity from Homeland. Homeland has now determined that coverage is excluded for the causes of action asserted against the Insureds.

20. As a result, an actual case or controversy exists between Homeland and the Insureds, and the case or controversy is ripe for judicial resolution by this Court. Therefore, Homeland now seeks a declaratory judgment from this Court declaring that it has no duty to defend the Insureds and no duty to pay or reimburse their reasonable Defense Expenses in connection with the Underlying Lawsuit, consistent with the positions set forth in correspondence with the Insureds and as otherwise provided under the terms of the Policy.[2]

## VI.
## COUNT ONE
**(Declaratory Judgment That Homeland Has No Duty to Pay or Reimburse Reasonable Defense Expenses or to Defend the Insureds Under the Policy)**

21. Homeland incorporates herein by reference each of the allegations contained in paragraphs 1 through 20 of this Complaint as though specifically alleged herein.

---

[2] This Complaint refers to Policy No. MPP-6895-16 as the "Policy" because the underlying events described in the Underlying Lawsuit appear to have occurred during the Policy Period of that Policy. That Policy and the earlier policy referenced in this Complaint are substantively identical for purposes of this Complaint and thus, to the extent that any Insured seeks coverage under that earlier policy, Homeland seeks a declaration that coverage cannot apply under the earlier policy for the same reasons set forth in this Complaint.

22. The Insureds have sought coverage under the General Liability Coverage Form of the Policy, Coverage B. The Insuring Agreement of Coverage B provides as follows:

> The Underwriter will pay up to the applicable Limit of Liability shown in ITEM 4.B of the Declarations on behalf of the **Insured** any **Loss** which the insured is legally obligated to pay as a result of a covered **Claim** alleging **Bodily Injury**, **Property Damage**, **Advertising Injury** or **Personal Injury** that is caused by an **Occurrence** that takes place during the **Policy Period**; provided, that the **Claim** is reported to the Underwriter in accordance with GENERAL CONDITION (C) of this Policy.

23. The Policy defines the term Claim as "any written notice received by an **Insured** that any person or entity intends to hold an **Insured** responsible for a **Wrongful Act** or **Occurrence**." Occurrence, in the context of Personal Injury, is defined as "a covered offense as set forth in . . . DEFINITIONS (HH) [Personal Injury] of this Policy." "Personal Injury" includes injury arising out of the "oral or written publication of material that slanders or libels a person or an organization or disparages a person's or an organization's goods, products or services." The Insuring Agreement of Coverage B and its applicable definitions specifically limit the scope of coverage to a "covered claim" or "covered offense."

24. The Policy provides as follows regarding reasonable Defense Expenses in Insuring Agreement F:

> The Underwriter has the right and duty to defend any **Claim** that is covered by INSURING AGREEMENTS (A), (B), and (C) of this Policy, even if any of the allegations of such **Claim** are groundless, false or fraudulent. In addition to the Limits of Liability for INSURANCE AGREEMENTS (A), (B), and (C), the Underwriter will pay **Defense Expenses** . . .

25. Defense Expenses under the Policy include "the reasonable fees of attorneys, experts and consultants and costs and expenses incurred in the investigation, adjustment, defense or appeal of a **Claim** with the approval or at the direction of the Underwriter."

26. The Policy makes clear in Insuring Agreement F that Homeland has only the "duty to defend any **Claim** that is covered by INSURING AGREEMENTS (A), (B), and (C) of this Policy."

27. Homeland seeks a declaratory judgment that Homeland has no duty to defend the Insureds in the Underlying Lawsuit or to pay or reimburse their reasonable Defense Expenses incurred in defending the Underlying Lawsuit, based upon the terms and conditions of the Policy, including the Exclusions set out herein, and the allegations in the Underlying Lawsuit.

28. Under the eight corners rule in Texas, only the factual allegations in the operative pleading and the provisions of the policy at issues are relevant to determining whether an insurer has a duty to defend. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). If the petition at issue does not allege facts within the scope of policy coverage, taking into account all the policy's terms, conditions and limitations, including exclusions, the insurer has no legal obligation to defend the insured against such claims. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997).

29. Based on the allegations of the Underlying Lawsuit against the Insureds, coverage under the Policy, including for reasonable Defense Expenses, is precluded.

## VII.
## COUNT TWO
**(Declaratory Judgment That Homeland Has No Duty to Pay or Reimburse Reasonable Defense Expenses or to Defend the Insureds Due to Exclusion 3.)**

30. Homeland incorporates herein by reference each of the allegations contained in paragraphs 1 through 29 of this Complaint as though specifically alleged herein.

31. General Exclusion 3, applicable to all coverages of the Policy, provides as follows:

> Except as otherwise expressly provided in this policy, this policy does not apply to, and the underwriter will not pay loss or defense

expenses, for any claim based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:

(3) violation of any federal, state or local antitrust, restraint of trade, unfair competition, or price-fixing law, or any rules or regulations promulgated thereunder, or any involvement in any agreement or conspiracy to restrain trade, except for any claim otherwise covered under insuring agreement (a) arising out of the rendering of, or failure to render, medical services;

32. Because Cause of Action A in the Underlying Lawsuit is based on allegations that the Insureds violated the Texas Free Enterprise and Antitrust Act of 1983, a state antitrust statute, and committed, and conspired to commit, acts in restraint of trade and of unfair competition, coverage for Cause of Action A is precluded by General Exclusion **3.** to the Policy. In addition, Cause of Action A in the Underlying Lawsuit does not allege any Bodily Injury, Property Damage, Advertising Injury or Personal Injury caused by an Occurrence that takes place during the Policy Period. Thus, even if General Exclusion **3.** to the Policy does not apply, there is no coverage afforded to the Insureds for Cause of Action A in the Underlying Lawsuit.

## VIII.
## COUNT THREE
### (Declaratory Judgment That Homeland Has No Duty to Pay or Reimburse Reasonable Defense Expenses or to Defend the Insureds Due to Exclusion 4.)

33. Homeland incorporates herein by reference each of the allegations contained in paragraphs 1 through 32 of this Complaint as though specifically alleged herein.

34. General Exclusion **4.**, applicable to all Coverages, provides as follows:

Except as otherwise expressly provided in this policy, this policy does not apply to, and the underwriter will not pay loss or defense expenses, for any claim based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:

(4) dishonest, fraudulent, criminal or intentionally malicious act, error or omission by an insured; any willful violation of law, statute, rule or regulation by an insured; or the gaining of any

profit, remuneration or advantage by an insured to which such insured was not legally entitled, including, but not limited to, health care fraud; provided, however, that no such act of one insured will be imputed to any other insured who was not aware of and did not participate in such act;

35. Because Causes of Action A-E in the Underlying Lawsuit are based on allegations that the Insureds committed dishonest, fraudulent and intentionally malicious acts, coverage for Causes of Action A-E is precluded by General Exclusion **4.** of the Policy.

## IX.
## COUNT FOUR
### (Declaratory Judgment That Homeland Has No Duty to Pay or Reimburse Reasonable Defense Expenses or to Defend the Insureds Due to Exclusion B.4.)

36. Homeland incorporates herein by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint as though specifically alleged herein.

37. Exclusion **4.**, applicable to Coverage B of the Policy, provides as follows:

> In addition to the exclusions listed under (d) below, no coverage will be available under insuring agreement (b), and the underwriter will not pay any loss or defense expenses, for any claim based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:
>
> (4) bodily injury, property damage, personal injury or advertising injury expected or intended from the standpoint of any insured;

38. Because Causes of Action A-E in the Underlying Lawsuit are based on allegations that the Insureds committed dishonest, fraudulent and intentionally malicious acts, designed and intended to inflict personal injury on the Miranda Plaintiffs, coverage for Causes of Action A-E is precluded by Exclusion **4.** of Coverage B of the Policy.

## X.
## COUNT FIVE
**(Declaratory Judgment That Homeland Has No Duty to Pay or Reimburse Reasonable Defense Expenses or to Defend the Insureds Due to Exclusion B.5.)**

39. Homeland incorporates herein by reference each of the allegations contained in paragraphs 1 through 38 of this Complaint as though specifically alleged herein.

40. Exclusion **5.**, applicable to Coverage B, provides as follows:

> In addition to the exclusions listed under (d) below, no coverage will be available under insuring agreement (b), and the underwriter will not pay any loss or defense expenses, for any claim based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:
>
> (5) personal injury or advertising injury arising out of oral or written publication of material:
>
> (a) if done by or at the direction of an insured with knowledge of its falsity;

41. Because Causes of Action B-E in the Underlying Lawsuit are based on allegations that the Insureds published the allegedly defamatory statements about the Miranda Plaintiffs with knowledge of the falsity of such statements, coverage for Causes of Action B-E is precluded by Exclusion **5.** of Coverage B of the Policy.

## XI.
## COUNT SIX
**(Other Coverage Defenses)**

42. Other terms and conditions of the Policy may also preclude coverage.  By seeking a declaration of coverage with respect to the issues identified in this Complaint, Homeland in no way waives, and expressly and fully reserves, the right to rely on any other provisions of the Policy.  Nothing in this Complaint should be construed as a waiver by Homeland of any other coverage defenses under the Policy or at law.

## XII.
## COUNT SEVEN
### (Attorney's Fees)

43. Homeland incorporates herein by reference each of the allegations of paragraphs 1 through 42 of this Complaint as though specifically alleged herein.

44. Homeland is entitled to recover its reasonable attorneys' fees in filing and prosecuting this action. In particular, 28 U.S.C. § 2202 provides that the district court may grant such further and other relief as is necessary or appropriate. An award of attorneys' fees is appropriate if state law allows for such recovery. Under Texas law, a party is entitled to an award of attorneys' fees if it is successful in an action based on contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001. *See, e.g., INA of Texas v. Richard*, 800 F.2d 1379, 1380-81 (5th Cir. 1986) (award of attorneys' fees in declaratory judgment action based on marine insurance policy governed by Texas state law). This Court may also award attorneys' fees based upon its inherent power. It has become necessary for Homeland to retain the law firm of Strasburger & Price, LLP, and the undersigned attorneys, to represent it in this lawsuit. Homeland seeks a determination that it has complied with the terms of the Policy. Therefore, Homeland is entitled to an award of its reasonable attorneys' fees.

## XIII.
## RIGHT TO AMEND

45. Homeland reserves the right to amend its Complaint to allege that it has no duty to indemnify the Insureds for any Loss in connection with the Underlying Lawsuit, once that issue becomes ripe for adjudication by this Court.

## XIV.
## PRAYER FOR RELIEF

Wherefore, for the foregoing reasons, Homeland Insurance Company of New York respectfully requests that the Court enter a declaratory judgment in its favor as set forth above,

declaring that the Policy does not require Homeland to either defend the Insureds or pay or reimburse reasonable Defense Expenses on behalf of the Insureds in connection with the Underlying Lawsuit. Homeland further seeks its reasonable attorneys' fees incurred in prosecuting this matter, together with such other and further relief, both at law and equity, to which this Court may find it to be justly entitled.

DATED: February 7, 2017.

Respectfully submitted,

*/s/ Michael Keeley*
MICHAEL KEELEY, Attorney-in-Charge
Texas Bar No. 11157800
Southern District of Texas Bar No. 10511
michael.keeley@strasburger.com
JOHN R. RIDDLE
Texas Bar No. 16890200
Southern District of Texas Bar No. 20480
john.riddle@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, TX 75202-3794
(214) 651-4300
(214) 651-4330 Fax

**ATTORNEYS FOR PLAINTIFF
HOMELAND INSURANCE COMPANY
OF NEW YORK**

**COMPLAINT FOR DECLARATORY JUDGMENT**  **PAGE 13**

8592658.4/SP/15247/0135/020717